UNIVERSAL C. I. T. CREDIT CORPORATION v. BERTHA E. ROBERTS.

(Filed 20 September, 1950.)

**Appeal and Error § 51a—**

Where it is decided on a former appeal that defendant was not entitled to maintain a counterclaim on the facts alleged, the decision becomes the law of the case, and the trial court correctly strikes from a subsequently filed pleading an asserted counterclaim on the same facts.

APPEAL by defendant from *Bone, J.,* in Chambers at Nashville, 8 July, 1950. From NASH.

Civil action to recover deficiency judgment on conditional-sale contract and to obtain possession of mortgaged property under claim and delivery.

For convenience and to avoid repetition, reference is made to former appeal reported in 230 N.C. 654, 55 S.E. 2d 85, for statement of the case and for substance of the pleadings, also pertinent here.

Following the first appeal, the defendant filed an Amended Answer and Counterclaim, repeating in substance her original counterclaim. This was held to be bad, and she thereupon asked to be permitted to withdraw it and to substitute in lieu thereof a new answer, which was allowed. There was no appeal from this ruling.

The defendant then filed not a new answer but a second "Amended Answer and Counterclaim," again reiterating in substance the allegations of her original counterclaim which had previously been adjudged deficient on demurrer. On motion, the allegations of this thrice-repeated counterclaim were stricken out and the defendant again appeals.

*James W. Keel, Jr., and L. L. Davenport for plaintiff, appellee.*
*Wilkinson & King for defendant, appellant.*

STACY, C. J. We have here for the second time in the same case a question of pleading.

On the prior appeal, the judgment sustaining the demurrer to the counterclaim was left undisturbed, while the judgment on the pleadings was vacated because of alleged waiver of payments which seemed sufficient to defeat the plaintiff's present right to invoke the acceleration clause in the conditional-sale contract. However, as the chattel in question had been sold, the defendant apparently did not care to pursue the matter of prematurity. Her interest seemingly has shifted from the automobile to the recovery of damages for its seizure, as disclosed by the amended answer and counterclaim filed by her in which she set up substantially the same counterclaim as before. On motion to strike the counterclaim, as *res judicata,* the court ruled the motion to be good; whereupon the defendant asked leave to withdraw her amended answer and counterclaim and to file a new answer. This was allowed. No objection or exception was taken to the court's ruling in either respect. Thereafter, the defendant filed not merely a new answer, but a second amended answer and counterclaim, setting out for the third time substantially the same counterclaim which had twice been adjudged deficient or unavailing. On motion, this thrice-repeated counterclaim was again stricken out and the defendant appeals.

It is the position of the plaintiff, with which the trial court evidently agreed, that the previous judgments and orders entered in the cause had become the law of the case and that the question of counterclaim, on the facts alleged, was no longer debatable in this action. And further, that sufficient allegations are left in the answer to enable the defendant to present any matter which she may have in defense of plaintiff's suit. The record seems to support the position.

Affirmed.